*Attachment A - <u>Bivens</u> Complaint form*

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF WEST VIRGINIA

Gina Fox

666942-001

*(Enter above the full name of the plaintiff or plaintiffs in this action)*

*(Inmate Reg. # of each Plaintiff)*

v.

CIVIL ACTION NO. 1:12 - 0242

*(Number to be assigned by Court)*

Charles E. Samuels, Jr.
Director

FILED

FEB  6 2012

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

*(Enter above the full name of the defendant or defendants in this action)*

Defendant(s).

## COMPLAINT

**I.    Parties**

    A.    Name of Plaintiff:   Gina Fox

          Inmate No.:   666942-001

          Address:   B3 Ridge, P.O. Box A
FPC Alderson, WV 24910

**B.**  Additional Plaintiff(s) (provide the same information for each plaintiff as listed in Item A above).

Name of Plaintiff:  _____

Inmate No.:  _____

Address:  _____

_____

Name of Plaintiff:  _____

Inmate No.:  _____

Address:  _____

_____

**C.**  Name of Defendant:  Charles E. Samuels, Jr

Position:  Director

Place of Employment:  FBOP
320 First Street, NW
Washington, DC  20534

**D.**  Additional Defendant(s) (provide the same information for each defendant as listed in Item C above):

Name of Defendant:  _____

Position:  _____

Place of Employment:  _____

_____

Name of Defendant:  _____

Position:  _____

Place of Employment:  _____

_____

2

**II.**     **Place of Present Confinement**

Name of Prison/Institution:   _Alderson Federal Prison Camp_

A.      Is this where the events concerning your complaint took place?

Yes __✓__          No _____

If you answered "no," where did the events occur? _____

_____

B.      Is there a prisoner grievance procedure in this institution?

Yes __✓__          No _____

C.      Did you present the facts relating to your complaint in the prisoner grievance procedure?     Yes __✓__          No _____

If you answered "no," explain why not: _____

_____

If you answered "yes," what was the result at level one, level two and level three (attach grievances and responses): _Level 1 denied, level two denied, Level unanswered timely_

**III.**    **Previous Lawsuits**

A.      Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to your imprisonments?

Yes _____          No __✓__

B.      If your answer to A is "yes," describe the lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.

1.      Parties to the previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____

3

2.      Court (if federal court, name the district; if state court, name the county);

_____

3.      Docket Number: _____

4.      Name of judge to whom case was assigned: _____

5.      Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

_____

6.      Approximate date of filing lawsuit: _____

7.      Approximate date of disposition: _____

## IV.   Statement of Claim

State here, as briefly as possible, the <u>facts</u> of your case. Describe what each defendant did to violate your constitutional rights. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets of paper if necessary.)

Upon filing a BP11, the final action within the BOP's Administrative Remedies, I received a motion for Extension of time for Response dated 10-4-11 asking for an additional 30 days to file a Response. As of this date, no response has been received.

_____

_____

4

V.    **Relief**

State briefly and exactly what you want the Court to do for you. Make no legal arguments.
Cite no cases or statutes.

Transfer to Lexington (what I
was seeking initially)
                    Or
Home Confinement
                    Or
Early Release

Signed this 1 day of February , 20 12 .

Gina Fox

_____

_____
Signature of Plaintiff or Plaintiffs

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on February 1, 2012
                (Date)

Gina Fox

_____
Signature of Plaintiff

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA



| **BLUEFIELD** | **CHARLESTON** | **HUNTINGTON** | **BECKLEY** | **PARKERSBURG** |
|---|---|---|---|---|
| Room 2303 | Suite 2400 | Room 101 | Room 119 | Room 5102 |
| 601 Federal Street | 300 Virginia Street, East | 845 Fifth Avenue | 110 North Heber Street | 425 Juliana Street |
| Bluefield, WV 24701 | Charleston, WV 25301 | Huntington, WV 25701 | Beckley, WV 25801 | Parkersburg, WV 26101 |
| P. O. Box 4128 | P. O. Box 2546 | Please use street | P. O. Drawer 5009 | Please use street |
| Bluefield, WV 24701 | Charleston, WV 25329 | address above. | Beckley, WV 25801 | address above. |

**TERESA L. DEPPNER**
**CLERK OF COURT**      304/327-9798      304/347-3000      304/529-5588      304/253-7481      304/420-6490

www.wvsd.uscourts.gov

Reply to: **Bluefield**

January 26, 2012

Gina Lynn Fox
#66942-061   B3 Ridge
FPC Alderson
P. O. Box A
Alderson, WV 24910

  Re:  Instructions for Filing a Civil Action for Violation of Civil Rights (<u>Bivens</u> Action)

Dear Ms. Fox:

  I am in receipt of your letter "requesting a motion for remedy in my favor due to the untimely response even with/by the extension." Attached to your letter is an Extension of Time for Response -- Administrative Remedy dated October 4, 2011.

  From what I can gather from your letter request, it appears you may want to bring a civil rights suit against federal officials. To that end, I am enclosing a <u>Bivens</u> civil rights packet which includes:

- Instructions for Filing a Civil Action for Violations of Civil Rights (<u>Bivens</u>) Action;
- Two <u>Bivens</u> Complaint forms (one for completion and return to the Clerk's Office; the other for your record);
- An Application to Proceed Without Prepayment of Fees and Costs;
- A Consent to Collection of Fees from Trust Account;
- A Prisoner Trust Account Report; and
- A Consent to Jurisdiction by a United States Magistrate Judge.

  The detailed Instructions provided will explain the steps you are to follow in filing your <u>Bivens</u> complaint.

  I trust the Instructions and forms provided are self-explanatory. If I can be of further assistance, please do not hesitate to contact me.

      Very truly yours,

      TERESA L. DEPPNER, CLERK OF COURT

      By: *Aleta R. Barie*
        Aleta R. Barie, Case Administrator

Enclosures

Gina Fox
Life 942-old

Enclosed, please find a copy of
the last correspondence that I
received in reference to the BP11
that I filed.

I am hereby requesting a
motion for remedy in my favor
due to the untimely response
even with/by the extension.

Thank you
Most Respectfully,

Gina Lynn Fox

RECEIVED

FILED

JAN 2 6 2012

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

*Returning original.*
*Clerk's Office has*
*Kept a copy.*

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 4, 2011

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : GINA FOX, 66942-061
      ALDERSON FPC     UNT: 4    QTR: B03-201L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 631730-A1
DATE RECEIVED   : SEPTEMBER 19, 2011
RESPONSE DUE    : NOVEMBER 18, 2011
SUBJECT 1       : TRANSFER - OTHER
SUBJECT 2       :
INCIDENT RPT NO:

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 4, 2011

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : GINA FOX, 66942-061
      ALDERSON FPC    UNT: 4    QTR: B03-201L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID        : 631730-A1
DATE RECEIVED    : SEPTEMBER 19, 2011
RESPONSE DUE     : NOVEMBER 18, 2011
SUBJECT 1        : TRANSFER - OTHER
SUBJECT 2        :
INCIDENT RPT NO:

RECEIPT - ADMINISTRATIVE REMEDY


DATE: OCTOBER 4, 2011


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : GINA FOX, 66942-061
      ALDERSON FPC    UNT: 4    QTR: B03-201L


THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 631730-A1
DATE RECEIVED   : SEPTEMBER 19, 2011
RESPONSE DUE    : OCTOBER 29, 2011
SUBJECT 1       : TRANSFER - OTHER
SUBJECT 2       :
INCIDENT RPT NO:

U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Foy, Gina L.    06942-Cd    B3    Alt fed Prison comp
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A—REASON FOR APPEAL My family (immediate members) have medical disabilities that causes physical, financial and medical hardships (going against physicians recommendations) by travel up into + through the mountains. The high altitude affects the pressure in my sisters eyes. She is blind and has lost one eye due to pressure burst. Lexington eliminates this. Also Lexington is 25 mins from my family in Cincinatti, Ohio. Travel is a severe hardship for my family. My children have medical and mental disabilities and cannot travel. Two of my daughters are suffering mental + suicidal issues due to lack of seperation. This move would assist our reunification. I am all that they have. Both of my parents have passed away.

9-5-11
DATE

Gina Lynn Foy
SIGNATURE OF REQUESTER

Part B—RESPONSE

_____
DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-23

SUBJECT: Transfer Request BP11 September 11, 2011 12:35 p.m
DATE: 09/11/2011 06:02:16 PM

I understand and I am not disputing that I am within the 500 miles of my release to residence, as this request is not in reference to a transfer for "nearer consideration". And, while the Lexington Federal Prison Camp may facilitate inmates with medical issues, my request is not due to my medical needs. I am asking for the medical needs of my family to be taken into consideration. If you will refer to my BP9 attachment (the copout and typed statement), paragraph 5 (#4) thru 8 and my BP10 attachment, I have explained the medical as well as the mental issues of my immediate family members. Particularly my sister Cynthia, who is blind (as is in my PSI Report, I was her life long caregiver) and my daughter, Michelle (who is also noted in my PSI to be MRDD, who was also solely dependant on me). My sister's visits to Alderson have been against her physicians recommendations due to the high altitude travel through the mountains. She suffers blindness and a retinal disease which is severely affected by the high altitudes. In fact, one eye has thus far been permanently damaged (burst) by the pressure. My daughter's condition has escalated enormously since my incarceration began. While she biologically an adult, she is mentally that of an adolesent. Michelle is not only mentally challenged, but she is bipolar, hyperactive; she suffers anxiety and depression and has severe behavior issues. If you will, imagine a travel for her for approximately six hours and then try to have a constructive visit with her. It is very difficult on the family member who attempts to bring her as well. Because most of my children were adopted by me at their very young toddler ages and I was a single parent, I am all that they have. In addition, the majority of my children were disabled. Three of my four daughters suffer mental disabilities, including suicidal tendencies. Jennifer has become a "cutter" and has attempted overdosing, as has Michelle. Much of their depression is due to the separation. Since, both of my parents have passed away, being my children's only grandparents. Being here at Alderson is causing a severe hardship on my immediate family. I simply would like to be placed at a more convenient facility. A facility that will not cause medical hardships on my family members and will contribute to them being  able to travel for visits. My children's psychologists have determined that my daughters need more time with me, especially Michelle. A transfer to Lexington would mean that my family members could stay with my sister Victoria in Cincinatti, just one hour from Lexington Federal Prison Camp and come to visit with me. And, there is a bus that runs from Cincinatti, into Lexington. It is my hopes that should I be permitted this transfer to Lexington, that I will then be able to convince my daughter Michelle to stay with my sister in Cincinatti permanently and have regular visits with her, assisting her mental and emotional situation and bring her life to a calm.  Since my incarceration, Michelle has spent much time homeless. She has never been away from me, nor has she ever been on her own. I have four more years until I am eligible for release. My daughter's mental health are at risk, as is my sisters if she continues to travel these high altitudes. Please, I ask of you to have mercy and compassion and reconsider my request for the transfer. I would be more than willing to pay for the financial burden of my transfer. I have been thus far a good inmate, progressive and forthcoming. I have programmed excessively and I have absolutely no incidents or misconducts since my prison term began. I thank you for your time and consideration in this very serious matter.

Respectfully,

Gina Lynn Fox

## REGIONAL ADMINISTRATIVE REMEDY APPEAL
### Part B - Response

**Date Filed: June 6, 2011**          **Remedy No.: 631730-R3**

You appeal the Warden's response to your Request for Administrative
Remedy.  You request a transfer to the Federal Medical Center in
Lexington, Kentucky which would allow for visits with your family.

We have reviewed your case and determined the Warden's response to
your Request for Administrative Remedy thoroughly and accurately
addresses this matter and is in accordance with Program Statement
5100.08, Inmate Security Designation and Custody Classification.
We find no reason to depart from the decision made at the institution
level.

Your appeal of the Warden's response is denied.  If you are
dissatisfied with this response, you may appeal to the General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534.  Your appeal must be received in the General
Counsel's Office within 30 days from the date of this response.

_____          _____
Date                             C. Eichenlaub
                                 Regional Director
                                 Mid-Atlantic Region

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball–point pen. ³If attachments are needed, submit four copies: One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Fox Gim L _____ 66942-061 B3 Alderson Fed. Prison (Camp)
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**

Please See attatchment
type written reason.

Thank You,
Respectfully,

Gina Y. Fox

4-4-11
DATE                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____        _____
DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 6-3-7-30-12

**Part C--RECEIPT**

CASE NUMBER: _____

Return to: _____  _____  _____  _____
            LAST NAME, FIRST, MIDDLE INITIAL.        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

BP–230(13)

For the same reasons that I have previously stated, I am requesting a reconsideration for a transfer to Lexington, Kentucky Federal Prison Camp. Please take into consideration that I am not able to establish relationship with my family here at Alderson. The Bureau of Prisons states that it is important to have relationship with our families. This has become absolutely impossible due to severe conditions. This is not just an ordinary request for transfer. My family has medical issues that prevents them from traveling through the mountains. I have seven children, most of which are disabled. I have lost both of my parents now and my main contact family member is my sister. As noted in my PSI, I was her caregiver. She has lived with me for all of her life. This is our first separation. As the same is with my daughter, Michelle. Michelle is a legal adult, however she is mentally challenged (MRDD) and this is her first time away from me as well. Prior to my coming to prison, I made alternative provisions for both Michelle and my sister. Unfortunately both alternatives have exhausted. Both of my parents have now passed away. Five of my seven children do not have fathers, as I adopted them when they were infants being a single parent. Two of my daughters are suffering with severe depression and have been hospitalized. My daughter Michelle has been living the past two plus some years homeless. Her counselors are suggesting that it is important for her to interact with me more. She does not drive for obvious reason and if I were permitted the transfer, I would be able to spend more time with her. In addition to her mental disability, she has also behavior issues and an attention deficit disorder. She is acting out and has also become harmful to herself on several occasions. Please I ask of you to reconsider the transfer that I am requesting. Should I be permitted this transfer, Michelle and I could spend more time together as mother and daughter through visits. I would be only 75 miles from her and she could take the bus, public transportation with my sister to visit me. My sister is also suffering emotional depression due to the lack of communication and visitation. My sister has suffered several strokes and a heart attack. She has been restricted from traveling through the mountains due to the pressure in her eyes. In fact, she has lost total vision now and is completely blind. I beg of you to please reconsider my transfer as my circumstances are extraordinary and are causing an emotional hardship on both myself and my family. I am willing to pay for the financial expenses of the transfer. I ask that you reconsider and have mercy on my situations at hand. I am becoming very depressed myself, not being able to spend any time with my family. I have five more years to go before my release and it would be terrible for me as well as for my family members to go without any time spent together.

REQUEST FOR ADMINISTRATIVE REMEDY
# 631730-F1

This is in response to your Request for Administrative Remedy, receipted on March 22, 2011, in which you are requesting to be transferred to FMC Lexington for family and programming purposes.

You transferred to this facility on October 17, 2008, from SFF Hazelton, to serve the remaining 120 months for Knowing and Distributing 50 Grams or More of Methamphetamine. It is noted; you were sentenced in the Southern District of West Virginia and intend to return to the Newark, OH area upon release. As a result, you are 188 miles from your release residence. Additionally, it is noted you maintain a projected release date of March 31, 2016 via Good Conduct Time release.

According to Program Statement P5100.08, Inmate Security Designation and Custody Classification, "Nearer release transfers move the inmate closer to their legal residence or release destination, consistent with their security level. Inmates may be considered for a nearer release transfer only after serving 18 consecutive months of clear conduct in a general population. Nearer release transfers should be incorporated with 'Lesser Security' transfers whenever possible. Once the inmate has been transferred within 500 miles of his or her release residence, no further referrals will be made for nearer release transfer consideration."

Accordingly, based upon the above information, your Request for Administrative Remedy is denied. If you are not satisfied with this reply, you may submit an appeal to the Regional Director, Mid-Atlantic Regional Office, 302 Sentinel Drive, Suite 200, Annapolis Junction, MD 20701 on the appropriate form (BP-10) within 20 calendar days of the date of this response.

_____          _____
Myron L. Batts, Warden                    Date  3/31/11

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Fox Gina Lynn 01842-0A B3 Fed prison camp

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

Per my copout dated 1-19-(?) for hardship reasons I am requesting a transfer to Lexington Ky prison camp. Please note: where I am presently my sister is all I really have. To stay here at Alderson would mean that I cannot see my sister for five more years at all. She is Courtordered forbidden to enter in the mountains. Please reconsider my transfer as my circumstances are extraordinary.

_____ _____
DATE                     SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____ _____
DATE                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**SECOND COPY: RETURN TO INMATE**          CASE NUMBER: _____

                                            CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____          _____
DATE                             RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          PRINTED ON RECYCLED PAPER          BP–229(13)
                                                    APRIL 1982

BP-A148.055
SEP 98

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) MS Stennett | DATE: 1-19-11 |
|---|---|
| FROM: Gina Fox | REGISTER NO.: 66942-061 |
| WORK ASSIGNMENT: Recreation | UNIT: B3 Ridge |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.

As we discussed that my request for a transfer
to Lexington, Ky Camp, the fact that I am already
within the 500 air miles and that my combined
reasons for the request, some which are extra
ordinary and possibly some are an exception
Per your request I am submitting my request
with my reasons to you in writing. Please
see the attached (2 additional) pages.

(Do not write below this line)

DISPOSITION:

Per Policy P5100.08 - Regarding above request

Requesting to transfer for Training Purposes a Programming.
" An inmate is ordinarily only transferred for specialized national
programs... such as RDAP, life connections...

"Nearer release transfer. Once an inmate is transferred w/in 500 miles of his/her
Release residence, no further referrals will be made...

| Signature Staff Member    E. Stinnett | Date    2/08/11 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER    **SECTION 6**

Due to policy quoted above Request for
transfer has been denied.

I am requesting a transfer to the Lexington Federal Prison Camp for Women in Lexington, Kentucky. My reasons for this request are as follows:

1) To enhance my education: The Lexington Camp offers several different programs that I am interested in. One being the 500-Hour "Upping" Program that is sponsored by the University of Kentucky and also the 500-Hour Computer Program. As my record during my incarceration reflects, I program as often as classes, courses and programs become available to me. In fact, I have successfully completed nearly seventy five certificate classes/courses during my incarceration that far (42 months) within the B.O.P and well over two hundred from outside bible correspondence studies. I use my time progressively. The college courses here at Alderson are not courses that I am interested in. I have no interest to be a hair dresser, nor do I want to be a dog trainer. There is just nothing left here at Alderson that I am interested in.

2) To enhance my work skills: The Lexington Camp offers a small UNICOR recycling type of plant to employ the inmates. I would like to gain this work experience and establish a work history within the facility. As there are many factories and plants in the area in which I will be releasing to when I go home. This could definitely be to my advantage.

3) To progress in my rehabilitation: The Lexington Camp offers Narcotics Anonymous groups. Prior to my incarceration, I remained in pre-sentence probation for a period of two years and during that time, I participated in the NA groups and meetings in my area. This was a great part of my sobriety. In fact, I attended group at least once per day for the entire two years. All which I did voluntary and without a court order. As my sobriety and rehabilitation is very important to me, I would like very much to be able to participate in these groups. While Alderson does have the Alcoholic Anonymous groups, I assure you that they are nothing in comparison to the NA groups. I am not an alcoholic, nor have I ever had that problem and those meetings simply do not benefit me.

The Lexington Camp also has several other programs that I would like to participate in, including the Weight Management, the Chronic Stress Management and the Chronic Pain Management trough their Counseling and Rehabilitation Services. Medically speaking, I am a Chronic Care Inmate, however my medical conditions are under control where as I do not need a "Medical Facility", however, being here at Alderson is becoming very difficult for me, climbing the hills several times a day, Carrying heavy laundry bags and commissary bags up and down the hills at my age is very difficult. The Lexington Camp is a small confined flat ground facility. In addition, the population is considerably smaller (approximately 300) as opposed to the population here at Alderson (approximately 1300). I do, and have for years suffered with anxiety and panic disorder which often onsets stages of depression. Being in a much smaller, less people camp would certainly alleviate a lot of what I experience here at Alderson. I feel very overwhelmed.

4) The extra-ordinary hardship and circumstances on/with my family: First and foremost, five of my seven children do not have a father. I am the only parent that they have. As you know, I've now lost both of my parents, first my mother in 2007 and then my father last year (2009). My children have lost to much; its such a short period of time. My parents, their grandparents played a very active role in their lives. I'm here at my own fault, I do understand that.

Two of my daughters have been hospitalized due to mental illnesses. One being already MRDD (mentally challenged), she has since acquired diabetes and is now homeless. I have been advised that she is acting out due to the anxiety that she is feeling by our separation. She has severe behavior issues aside from the MRDD. This is part of the reasoning that she has become homeless, the behavior issues. I believe that if I were able to reconnect with her and be able to spend regular, ample time with her, she would reminde with her siblings and maybe find residence again. While she is biologically an adult, she is mentally that of an adolescent. The other, she is medically been diagnosed with severe depression and has become a "cutter". Again, I have always been all that my children had, aside from my parents who have now passed. My children are suffering, they are literally broken and overwhelmed. I know that they need me. The distance and the traveling arrangements are absolutely impossible for them due to their combined disabilities and their lack of finances.

I also have a sister that until my incarceration began, was solely dependent on me. She is blind and disabled. She has most recently had a heart attack and several strokes, leaving her completely blind. Traveling through those mountains has been forbidden to her now by her physician due to the altitude causing the pressure in her eyes to rise extremely. Again, visitation and staying connected to my family and loved ones is very important to both myself as well as to them. Most of my family members dont even drive. If I were permitted to transfer to the Lexington Camp, my family would be able to visit me on a regular basis. The Lexington Camp is only seventy five miles from my eldest sisters home. In fact, there is a bus that my family members that dont drive could even be able in order to visit with me. The financial burden would be lessened by the fact that my family could lodge with my sister when they come for visits.

I ask that my request for transfer be taken into consideration for all of the reasons that I have listed. I thank you for your time and consideration.

Respectfully,

[signature]