IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| GINA FOX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1:12-0242 |
| | ) |
| CHARLES E. SAMUELS, JR., | ) |
| Director of Federal Bureau of Prisons, | ) |
| | ) |
|     Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's letter-form Motion to Withdraw Complaint and Motion for Reimbursement of Filing Fee (Document No. 6.), filed on February 16, 2012. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

**FACTUAL AND PROCEDURAL HISTORY**

On February 6, 2012, Plaintiff, proceeding *pro se*, filed her Complaint claiming entitlement to relief pursuant Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) Plaintiff names Charles E. Samuels, Jr., Director of the Bureau of Prisons, as the Defendant. (Id.) Plaintiff appears to allege that Defendant is improperly denying her transfer to FMC Lexington. (Id., p. 11 - 19.) Specifically, Plaintiff explains as follows:

> My family has medical disabilities that causes physical, financial, and medical hardships by travel up into and through the mountains. The high altitude affects the pressure in my sister's eyes. She is blind and has lost one eye due to pressure bust.

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> Lexington eliminate this. Also Lexington is 25 minutes from my family in Cincinnati, Ohio. Travel is a severe hardship for my family. My children have medical and mental disabilities and cannot travel. Two of my daughters are suffering mental and suicidal issues due to lack of separation. This move would assist our reunification.

(Id., p. 11.) As relief, Plaintiff requests "transfer to Lexington, home confinement, or early release."

(Id., p. 5.)

On February 16, 2012, Plaintiff filed a letter-form Motion to Withdraw Complaint and Motion for Reimbursement of Filing Fee. (Document No. 6.). Specifically, Plaintiff states that "I am writing this letter to withdraw my Bivens Complaint. Civil Action No. 1:12-0242. I would like to ask for reimbursement of the $350 filing fee." (Id.)

**ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second

2

lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendant has neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

Concerning Plaintiff's Motion for Reimbursement of the $350 filing fee, the undersigned recommends that her Motion be denied. The Court finds that a plaintiff's obligation to pay the filing fee is incurred at the time the action is filed. See Criswell v. Patrick, 2011 WL 3654464 (D.S.C. Aug. 19, 2011)(denying plaintiff's request for return of filing fee following voluntary dismissal of complaint); Barrett v. Pearson, 2008 WL 342719 (E.D.Okla.). Thus, Plaintiff is not entitled to the reimbursement of her filing fee as her obligation to pay the filing fee was incurred on February 6, 2012 (date of filing her Complaint). Accordingly, the undersigned recommends that Plaintiff's Motion for Reimbursement of Filing Fee be denied.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's

3

Motion to Withdraw Complaint (Document No. 6.), **DENY** Plaintiff's Motion for Reimbursement of Filing Fee (Document No. 6.), **DISMISS** Plaintiff's Complaint (Document No. 1.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: July 13, 2012.

R. Clarke VanDervort
United States Magistrate Judge